IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARGET GLOBAL LOGISTICS SERVICES, CO.<br><br>    Plaintiff/Counterclaim Defendant<br>  v.<br><br>KVG, LLC<br><br>    Defendant/Counterclaim Plaintiff<br>  v.<br><br>QAIS ANIL MEDICAL EQUIPMENT COMPANY LTD<br>MOHAMMAD SEDIQ and ASIA PHARMA LTD<br><br>    Counterclaim Defendants | CIVIL ACTION NO.<br>15-4960 |

**Henry S. Perkin, M.J.**                                                                           **April 12, 2017**

## MEMORANDUM

      This matter is before the Court on the Motion for Partial Dismissal by Reason of Forum Non Conveniens and Memorandum of Law in Support of Partial Dismissal for Forum Non Conveniens filed by Defendant KVG, LLC on January 13, 2017 and January 15, 2017, respectively. Plaintiff's Brief in Opposition to Defendant, KVG's Motion to Dismiss for Forum Non Conveniens was filed on January 29, 2017, and Defendant's Reply Brief in Support of Defendant KVG's Motion for Partial Dismissal for Forum Non Conveniens was filed on March 30, 2017. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

**Background**

Target Global Logistics Services, Co. ("Plaintiff"), a company located in Kabul, Afghanistan, entered into two "Prime-Subcontractor Purchase Agreements" with KVG, LLC ("Defendant"), a company located in Elizabethtown, Pennsylvania. Complaint ¶¶ 5-6, 8. The Agreements required Plaintiff to act as a sub-contractor under an agreement that Defendant had entered into with the United States. Id. ¶¶ 1, 6. The Agreements called for Plaintiff to deliver certain medical equipment and supplies, for which Defendant was to pay Plaintiff $678,534.83 under the first Agreement and $179,136.48 under the second Agreement. Id. ¶¶ 8-11. Each Agreement required Defendant to pay Plaintiff for the goods within thirty days of delivery. See id. ¶ 12. Although Plaintiff requested payment from Defendant on October 15, 2014, Defendant failed to pay for the medical supplies and equipment that Plaintiff delivered. Id. ¶ 13.

On January 10, 2016, Defendant filed its Answer and Counterclaim against Plaintiff. On June 10, 2016, this Court dismissed said Counterclaim without prejudice and on June 22, 2016, Defendant filed its First Amended Counterclaim against Plaintiff with a Joinder of three additional nonresident, Afghani Defendants. The counterclaim against Plaintiff consists of nine different claims. Although Plaintiff filed a motion to dismiss Defendant's counterclaim, the motion was denied, and Plaintiff filed its Answer and Affirmative Defenses to the Amended Counterclaim on October 18, 2016. The Defendant later sought default judgments against the additional defendants, which were entered by the Court.

On January 13, 2017, Defendant filed a motion for partial dismissal of the claims brought by Plaintiff on the basis of *forum non conveniens*. However, while Defendant asserts that Plaintiff's claims against it should be dismissed because the chosen forum is improper,

Defendant avers that its counterclaims brought against Plaintiff should remain with this Court.

## **Legal Standard**

As correctly noted by the parties, the doctrine of *forum non conveniens* gives a district court the discretion to dismiss an action when an alternative forum is available to hear the plaintiff's claim and the plaintiff's chosen forum is oppressive and vexatious to the defendant. Although a plaintiff's choice of forum should rarely be disturbed, "[w]hen an alternative forum has jurisdiction to hear the case, and when trial in the plaintiff's chosen forum would 'establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,' or when the 'chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems,' the court may, in the exercise of its sound discretion, dismiss the case." Kisano Trade & Invest Ltd. v. Lemster, 737 F.3d 869, 873 (3d Cir. Pa. 2013) (citations omitted).

"[A] district court must first determine whether an adequate alternative forum can entertain the case." Windt v. Qwest Communications Int'l., Inc., 529 F.3d 183, 189–190 (3d Cir. 2008) (footnote omitted); see also Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 n. 22, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). "If such a forum exists, the district court must then determine the appropriate amount of deference to be given the plaintiff's choice of forum." Windt, 529 F.3d at 190. The United States Court of Appeals for the Third Circuit has identified the following four factors to guide a district court's exercise of discretion: (1) the amount of deference to be afforded to plaintiff's choice of forum; (2) the availability of an adequate alternative forum where defendants are amenable to process and plaintiff's claims are cognizable; (3) relevant "private interest" factors affecting the convenience of the litigants; and (4) relevant

"public interest" factors affecting the convenience of the forum. Kisano Trade, 737 F.3d at 873 (citing Windt, 529 F.3d at 189–190).

Private interests to consider include the ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential obstacle impeding an otherwise easy, cost-effective, and expeditious trial. Kisano Trade, 737 F.3d at 873 (citing Delta Air Lines, Inc. v. Chimet, S.p.A., 619 F.3d 288, 296 (3d Cir. 2010) and Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)). Public interests include administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty. Kisano Trade, 737 F.3d at 873 (citing Piper Aircraft, 454 U.S. at 241 n.6).

### **Discussion**

A.  Level of Deference

Initially we note that Defendant contends that less deference should be given to Plaintiff's choice of forum because it is a foreign corporation. See Memorandum of Law in Support of Partial Dismissal for Forum Non Conveniens ("Def. Brief"), Dkt. No. 87 at 5. "Ordinarily, a strong presumption of convenience exists in favor of a domestic plaintiff's chosen forum, and this presumption may be overcome only when the balance of the public and private interests clearly favors an alternate forum." Kisano Trade, 737 F.3d at 873-874 (citing Windt, 529 F.3d at 190). When a plaintiff is foreign, however, the choice of a United States forum "deserves less deference." Kisano Trade, 737 F.3d at 874 (citing Piper Aircraft, 454 U.S. at 256;

Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 430, 127 S. Ct. 1184, 167 L. Ed. 2d 15 (2007) ("When the plaintiff's choice is not its home forum, . . . the presumption in the plaintiff's favor applies with less force, for the assumption that the chosen forum is appropriate is in such cases less reasonable." (internal quotation marks omitted)).

However, the Third Circuit has explained that the focus of the deference inquiry in the United States Supreme Court, and in this Circuit, "is on convenience, not on the particular significance of a party's residence or citizenship or a party's ability to invoke a United States court's jurisdiction." Kisano Trade, 737 F.3d at 875. Foreign plaintiffs "may bolster the amount of deference due their choice by making a strong showing of convenience." Kisano Trade, 737 F.3d at 875 (citing Windt, 529 F.3d at 190). Generally, "the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for forum non conveniens." Kisano Trade, 737 F.3d at 876 (citing Iragorri v. United Techs. Corp., 274 F.3d 65, 72 (2d Cir. 2001) (footnotes omitted)).

While a review of the case law cited by Defendant may lend some support to finding that Plaintiff, a foreign corporation, should be afforded a lesser degree of deference than that which would be accorded a domestic plaintiff, we conclude nevertheless that an examination of the remaining factors more than supports our final conclusion that this case should not be dismissed on the basis of *forum non conveniens*.

B. Availability of an Adequate Alternative Forum

Generally, an adequate alternative forum exists where a defendant is amenable to service of process, plaintiff's claims are recognized there, and the applicable statute of limitations had not expired. See Piper Aircraft, 454 U.S. at 254 n. 22 ("Ordinarily th[e alternative forum] requirement will be satisfied when the defendant is amenable to process in the other jurisdiction.") (internal quotation marks and citations omitted); Kisano Trade, 737 F.3d at 873 (an adequate alternative forum is where, inter alia, "defendants are amenable to process and plaintiffs' claims are cognizable.").

Defendant avers that because Plaintiff holds itself out as an Afghanistan-based company, and because Afghanistan has a "specialized court that deals in commercial affairs," Afghanistan would be an adequate alternative forum for Plaintiff to pursue its claims. Def. Brief at 3-4. Defendant further asserts that even though it does not currently do business in Afghanistan, it would submit to the jurisdiction of Afghanistan in order to create the adequate alternative forum. See Defendant's Reply Brief in Support of Defendant KVG's Motion for Partial Dismissal for Forum Non Conveniens ("Def. Reply"), Dkt. No. 101 at 4, 7.

Plaintiff avers that under Afghan law and procedure, it has no way of advancing its claims against Defendant in the Country of Afghanistan because it is a company organized and existing in the United States, specifically Pennsylvania. Plaintiff asserts that Defendant is outside the jurisdiction of Afghanistan with no ties whatsoever to the country, maintaining no physical address or location therein. In addition, Plaintiff contends that Defendant has no property, assets or agent/principle physically present in Afghanistan. Plaintiff further submits that the contracts at issue were entered into in the United States. See Plaintiff's Brief in

Opposition to Defendant, KVG's Motion to Dismiss for Forum Non Conveniens ("Pl. Brief"), Dkt. No. 93 at 10. This Court notes, however, that Defendant avers in its motion that the entire business dealing was executed outside the United States.

Clearly, the parties are in dispute as to whether Afghanistan is an adequate alternate forum for Plaintiff's claims. Moreover, although Defendant avers that it would be willing to submit to the jurisdiction of Afghanistan, it is unclear whether Plaintiff's claims would be cognizable in that jurisdiction. In particular, neither party addresses whether the applicable statue of limitations as to Plaintiff's claims has expired. Based on the information provided, it is not clear to the Court that an adequate alternate forum actually exists for Plaintiff to pursue its claims. Nevertheless, when we examine the private and public interest factors, it is clear that Plaintiff's chosen forum does not cause "oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." Kisano Trade, 737 F.3d at 877.

C. "Oppressiveness and Vexation"

Next, we weigh the private and public interest factors in order to determine whether Plaintiff's chosen forum would cause "oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience." Kisano Trade, 737 F.3d at 877 (citing Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 524 (1946)). When seeking dismissal on grounds of *forum non conveniens*, a defendant must show that the balance of public and private factors "tips decidedly in favor of trial in the foreign forum." Kisano Trade, 737 F.3d at 877 (citing Lacey v. Cessna Aircraft Co., 932 F.2d 170, 180 (3d Cir. 1991)).

1. Private Interest Factors

As explained by the Third Circuit, private interests to consider include the ease of access to sources of proof; ability to compel witness attendance if necessary; means to view relevant premises and objects; and any other potential obstacle impeding an otherwise easy, cost-effective, and expeditious trial.  Kisano Trade, 737 F.3d at 873 (citing Delta Air Lines, Inc. v. Chimet, S.p.A., 619 F.3d 288, 296 (3d Cir. 2010) and Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947)).

We note initially that the motivating factor behind Defendant's motion for dismissal appears to be the inability of Plaintiff's principal member, Yama Ahmadi, to gain admission into the United States by way of visa entry.  Def. Br. at 2-3.  However, based on the undersigned's Order dated January 19, 2017, the parties to this action were directed to make parallel inquiries as to an agreeable alternate location for the deposition of Mr. Ahmadi in the event that he was denied visa entry into the United States.  Based on correspondence received to date, each of the parties have proposed alternate locations in an effort to secure this deposition.

Aside from Plaintiff's representative, however, it appears that most, if not all, other witnesses to this matter are currently located in the United States.  In addition, as a contract action, we note that this matter is document intensive, where much of the evidence to be presented at trial will be offered by documents and written correspondence, as opposed to testimony.  Moreover, Defendant itself, is a United States Company organized and existing in the State of Pennsylvania, presumably with its officers who maintain residences in the United States.

This matter has already been pending in this jurisdiction for at least eighteen months, and the pleadings are now closed.  This Court has heard, and resolved a number of

procedural matters and discovery disputes concerning this matter. Default judgments have been entered by this Court against additional defendants joined by Defendant. In addition, dispositive motions have been filed, and oral argument is scheduled before the undersigned for next month. In addition to the foregoing considerations, we also find that the amount of time and court resources already spent on this matter weigh against dismissal of this action on the basis of *forum non conveniens*.

2. Public Interest Factors

Public interests include administrative difficulties arising from increasingly overburdened courts; local interests in having the case tried at home; desire to have the forum match the law that is to govern the case to avoid conflict of laws problems or difficulty in the application of foreign law; and avoiding unfairly burdening citizens in an unrelated forum with jury duty. Kisano Trade, 737 F.3d at 873 (citing Delta Air Lines, 619 F.3d at 296; Gulf Oil Corp., 330 U.S. at 508; and Piper Aircraft, 454 U.S. at 241 n.6).

As indicated above in terms of our discussion of the private interest factors, this Court has already invested substantial resources in this matter. Substantial progress has been made, the pleadings are closed, and dispositive motions have recently been filed. It does not seem practical to dismiss this action to an alternate jurisdiction, assuming one exists, at this stage of the litigation.

Perhaps most significant, however, is that while Defendant seeks to dismiss Plaintiff's claims against it on the basis of *forum non conveniens*, it requests that this Court retain jurisdiction here in the Eastern District with respect to its multiple counterclaims against Plaintiff, which are based on other contracts entered it into with Plaintiff. These contracts

9

involve similar transactions and occurrences as those pled by Plaintiff. In other words, by its request, Defendant seeks to burden two jurisdictions with the claims that are presently contained in this matter. We find that this request directly conflicts with the public interest factor regarding overburdening courts, and certainly weighs against dismissal of this action on the basis of *forum non conveniens*.

## Conclusion

For the foregoing reasons, Defendant's motion for partial dismissal is denied. An appropriate order follows.