# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARGET GLOBAL LOGISTICS SERVICES, CO. | |
|     Plaintiff/Counterclaim Defendant | |
|   v. | CIVIL ACTION NO. 15-4960 |
| KVG, LLC | |
|     Defendant/Counterclaim Plaintiff | |
|   v. | |
| QAIS ANIL MEDICAL EQUIPMENT COMPANY LTD., MOHAMMAD SEDIQ, and ASIA PHARMA LTD. | |
|     Counterclaim Defendants | |

**Henry S. Perkin, M.J.**                                                                                   November 22, 2017

## MEMORANDUM

This matter is before the Court on the Defendant's Motion to Join Target Global Logistics FZE, Jamshid, and Mohammad Mirwais and Brief in Support of Defendant's Motion to Join Target Global Logistics FZE, Jamshid, and Mohammad Mirwais filed by Defendant KVG, LLC on October 5, 2017. Plaintiff's Brief in Opposition to Defendant, KVG's Motion to Join Target Global Logistics FZE, Jamshid and Mohammad Mirwais Pursuant to Fed. R. C. P. 15(c)(2) was filed on October 17, 2017. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

## Background

Target Global Logistics Services, Co. ("Plaintiff"), a company located in Kabul, Afghanistan, entered into two "Prime-Subcontractor Purchase Agreements" with KVG, LLC ("Defendant"), a company located in Elizabethtown, Pennsylvania. Complaint ¶¶ 5-6, 8. The

Agreements required Plaintiff to act as a sub-contractor under an agreement that Defendant had entered into with the United States. Id. ¶¶ 1, 6. The Agreements called for Plaintiff to deliver certain medical equipment and supplies, for which Defendant was to pay Plaintiff $678,534.83 under the first Agreement and $179,136.48 under the second Agreement. Id. ¶¶ 8-11. Each Agreement required Defendant to pay Plaintiff for the goods within thirty days of delivery. See id. ¶ 12. Although Plaintiff requested payment from Defendant on October 15, 2014, Defendant failed to pay for the medical supplies and equipment that Plaintiff delivered. Id. ¶ 13.

On January 10, 2016, Defendant filed its Answer and Counterclaim against Plaintiff. On June 10, 2016, this Court dismissed said Counterclaim without prejudice and on June 22, 2016, Defendant filed its First Amended Counterclaim against Plaintiff with a Joinder of three additional nonresident, Afghani Defendants. The amended counterclaim against Plaintiff consists of nine different claims. Although Plaintiff filed a motion to dismiss Defendant's amended counterclaim, the motion was denied, and Plaintiff filed its Answer and Affirmative Defenses to the Amended Counterclaim on October 18, 2016. The Defendant later sought entry of default against the three additional Afghani defendants, which the Clerk of Court entered.

On January 13, 2017, Defendant filed a motion for partial dismissal of the claims brought by Plaintiff on the basis of *forum non conveniens*, which motion this Court denied on April 12, 2017. On March 14, 2017, Defendant filed a Motion for Partial Summary Judgment. On March 27, 2017, Plaintiff filed a Motion for Summary Judgment to Defendant's First Amended Counterclaim. Subsequently, on June 22, 2017, this Court denied Plaintiff's Motion for Summary Judgment and denied in part and granted in part Defendant's Motion for Partial Summary Judgment. On October 5, 2017, Defendant filed the within motion to amend its

pleadings and join three additional defendants on the basis that information about these proposed parties was only revealed during the unsworn video-stream deposition of Mr. Yama Ahmadi, Managing Director of Plaintiff, on August 18, 2017.

**Legal Standard**

Rule 15(a)(2) provides that "[t]he court should freely give leave [for a party to amend its pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). The trial court has discretion to determine whether a request for leave to file an amended pleading should be granted or denied. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971); see also Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). As a general matter, the trial court should grant leave to amend "unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). Denial of a motion to amend must be grounded in substantial or undue prejudice, bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment. Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citing Foman, 371 U.S. at 182). Moreover, the court may properly deny a motion to amend if the movant fails to provide a draft amended pleading. See Lake v. Arnold, 232 F.3d 360, 374 (3d Cir. 2000).

Of the above-listed considerations, "prejudice to the non-moving party is the touchstone for denial of an amendment." Arthur, 434 F.3d at 204 (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). The prejudice inquiry "focus[es] on the hardship to the [non-moving party] if the amendment were permitted." Cureton, 252 F.3d at 273 (citing Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir.

1984). In determining whether prejudice exists, a court can consider whether the proposed amendment "would result in additional discovery, cost, and preparation to defend against new facts or theories." Cureton, 252 F.3d at 273. Additionally,

> [c]ourts have found undue prejudice to the non-moving party and denied leave to amend where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed.

Cumming v. City of Philadelphia, No. 03-0034, 2004 U.S. Dist. LEXIS 9030, *11 (E.D. Pa. April 26, 2004).

## Discussion

Defendant contends that joinder of Target Global Logistics FZE, Jamshid, and Mohammad Mirwais as new defendants in the counterclaim is appropriate because the joinder relates back to the initial counterclaim filing.[1] Defendant avers that the proposed amendment relates back because "Plaintiff is also operating as Target Global Logistics FZE with Jamshid and Mohammad Mirwais whose involvement in management and operations is now known to be much more than previously represented." See Brief in Support of Defendant's Motion to Join Target Global Logistics FZE, Jamshid, and Mohammad Mirwais ("Def. Brief"), Dkt. No. 130-1 at 3. Plaintiff avers that Defendants' motion should be denied because (1) Defendant failed to provide a proposed amended pleading, (2) Plaintiff would be prejudiced by the late filing of this motion, and (3) Defendant knew of the names and capacities of the joinder individuals prior to filing the initial counterclaim. See Brief in Opposition to Defendant, KVG's Motion to Join Target Global Logistics FZE, Jamshid and Mohammad Mirwais Pursuant to Fed. R. C. P.

---

[1] "Leave to amend under subsection (a) and relation back under subsection (c) [of Federal Rule of Civil Procedure 15], while obviously related, are conceptually distinct." Arthur, 434 F.3d at 202-203. Even if the requirements of Rule 15(c) can be met, a trial court can deny a motion for leave to amend under the standard set forth in Rule 15(a). Id.

15(c)(2) ("Pl. Brief"), Dkt. No. 132 at 5-6.

In this case, Plaintiff would be prejudiced if leave to amend is granted to Defendant. First, as Plaintiff properly points out, Defendant did not file a proposed amended pleading with its motion. As discussed by the Third Circuit in <u>Lake</u>, when a movant fails to provide a proposed amended complaint for review, the trial court has no way to evaluate the merit of movants' request. <u>See</u> <u>Lake</u>, 232 F.3d at 374. Defendant states that the claims against entity, Target Global Logistics FZE, and individuals, Jamshid and Mohammad Mirwais, "arise out of the conduct set forth in Defendant's original pleading, which original pleading was in the form of a counterclaim." Def. Brief at 6. However, Defendant fails to specify either the nature of the purported claims against Target Global Logistics FZE, Jamshid and Mohammad Mirwais or sufficient facts to support these additional claims. Instead, Defendant states that Target Global Logistics FZE is registered in Dubai, United Arab Emirates and "is the same company as [Plaintiff]." Def. Brief at 2. Thereafter, Defendant proceeds into an analysis of Rule 15(c) relation back principles and concludes that "Target Global Logistics FZE is the same company as [Plaintiff] with the same principles and management, conducting the same business . . . ." Def. Brief at 7. Defendant does not provide any clear facts to support this contention.

Second, Defendant filed the instant motion on October 5, 2017, more than two years after litigation commenced. Defendant's motion also comes after the close of discovery,[2] after summary judgment motions have been filed and ruled on,[3] and after the parties have

---

[2] According to the Rule 16 Scheduling Order of this Court dated November 28, 2016, all discovery in this case was to be completed by February 1, 2017. Due to myriad logistical difficulties, stemming from Mr. Yama Ahmadi's residence in Afghanistan, this Court has extended the time period for the deposition of Mr. Ahmadi multiple times. On October 31, 2017, this Court ordered that the in-person trial deposition of Mr. Yama Ahmadi be taken on or before December 6, 2017.

[3] According to the Rule 16 Scheduling Order of this Court dated November 28, 2016, all dispositive motions were to be filed by May 1, 2017. On March 14, 2017, Defendant filed a Motion for Partial Summary Judgment. On March 27, 2017, Plaintiff filed a Motion for Summary Judgment to Defendant's First Amended

engaged in a settlement conference.[4] Moreover, as Plaintiff properly points out, Defendant knew the identities and positions of Jamshid and Mohammad Mirwais as of March 20, 2015, when Defendant wrote a letter to Plaintiff addressed to the attention of: Mohammad M[i]rwais s/o Amaanullah, as President of Plaintiff, Jamshid s/o Amaanullah, as Vice President of Plaintiff, and Yama Ahmad[i], as Managing Director of Plaintiff. Given the nature and contents of this letter, it is clear that Defendant had some knowledge that proposed joinder individuals Mohammad Mirwais and Jamshid were high level officials of Plaintiff at least two and one-half years prior to the filing of the instant motion.[5]

Mere delay is an insufficient ground to deny a motion to amend. Cornell, 573 F.2d at 823. However, delay can become "undue" when an unwarranted or unfair burden is placed on the non-moving party. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). In this case, an unfair burden would be placed on Plaintiff if Defendant's motion to amend were granted because additional discovery would have to be conducted and additional costs would be incurred to respond to the unspecified claims that Defendant seeks to raise against the additional joinder parties.[6] As previously noted, with the exception of Mr. Yama Ahmadi's sworn deposition, all discovery was to be completed by February 1, 2017. At any time prior to the close of discovery nearly ten months ago, Defendant could have sought to depose Jamshid and

---

Counterclaim. Subsequently, on June 22, 2017, this Court denied Plaintiff's Motion for Summary Judgment and denied in part and granted in part Defendant's Motion for Partial Summary Judgment.

[4] On September 7, 2017, this Court ordered that the parties proceed to private mediation, with a mediator of their choice, within sixty (60) days. The parties engaged in said mediation on October 24, 2017.

[5] Even if this Court assumes that Defendant forgot about the names and titles contained in the March 20, 2015 letter from Defendant to Plaintiff at the time the counterclaim was initially filed on January 10, 2016, Defendant was reminded of the existence of that letter no later than January 29, 2017, when Plaintiff attached it as an exhibit to Plaintiff's Brief in Opposition to Defendant, KVG's Motion to Dismiss for Forum Non Conveniens (Dkt. No. 93).

[6] More specifically, in Defendant's Motion to Join Target Global Logistics FZE, Jamshid, and Mohammad Mirwais, Defendant requests "the in-person appearance of . . . Jamshid, and Mohammad Mirwais for purposes of being deposed in the Ukraine[.]"

Mohammad Mirwais because a party to a lawsuit may depose any person, not just an opposing party.[7] However, Defendant never made such a request. At this stage in the litigation, Plaintiff would incur significant additional costs and expenses if discovery were to be reopened and the depositions of Jamshid and Mohammad Mirwais were to be allowed. These additional costs and expenses would be exacerbated by the fact that Defendant does not provide a proposed amended pleading detailing the nature of the claims against these individuals. Plaintiff would have to defend against yet unknown claims.

Defendant's contention that a bank statement provided prior to the unsworn video-stream deposition of Yama Ahmadi, Managing Director of Plaintiff, showing payments and withdrawals from Jamshid and Mohammad Mirwais suddenly reveals that the proposed joinder individuals "remain highly active in the day-to-day operations of the business and must, therefore, be brought into the current litigation to answer questions Yama Ahmad[i] was unable to answer" is unpersuasive. See Brief in Support of Defendant's Motion to Join Target Global Logistics FZE, Jamshid, and Mohammad Mirwais ("Def. Motion"), Dkt. No. 130 at 1-2. It is to be expected that the President and Vice President of a company would be involved in financial transactions for the company on a regular basis. Defendant fails to articulate what information Jamshid and Mohammad Mirwais could provide at this late juncture, which would warrant joining them as parties to the litigation. Moreover, as previously noted, Defendant could have deposed Jamshid and Mohammad Mirwais at any time prior to the close of discovery in order to ascertain their respective levels of involvement with the daily operation of Plaintiff.

---

[7] "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2) [governing when leave of court is required]." Fed. R. Civ. P. 30(a)(1). Similarly, "[a] party may, by written questions, depose any person, including a party, without leave of court, except as provided in 31(a)(2) [governing when leave of court is required]." Fed. R. Civ. P. 31(a)(2).

In sum, the Court is persuaded that granting Defendant's motion to amend at this late stage is not in the interests of justice and would cause undue prejudice to Plaintiff. Defendant did not provide a proposed amended pleading, and Defendant did not layout the nature of the claims against the proposed joinder entity. Further, Defendant has unduly delayed in seeking to join the proposed joinder individuals. Defendant knew of the names and positions of the proposed joinder individuals at least two and one-half years prior to filing the instant motion. Defendant could have deposed these individuals prior to the close of discovery, but chose not to do so.

## **Conclusion**

For the foregoing reasons, Defendant's Motion to Join Target Global Logistics FZE, Jamshid, and Mohammad Mirwais is denied. An appropriate order follows.