# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARGET GLOBAL LOGISTICS SERVICES, CO. | |
| Plaintiff/Counterclaim Defendant | |
| v. | CIVIL ACTION NO. 15-4960 |
| KVG, LLC | |
| Defendant/Counterclaim Plaintiff | |
| v. | |
| QAIS ANIL MEDICAL EQUIPMENT COMPANY LTD., MOHAMMAD SEDIQ, and ASIA PHARMA LTD. | |
| Counterclaim Defendants | |

**Henry S. Perkin, M.J.**                                                      **May 2, 2018**

## MEMORANDUM

This matter is before the Court on Defendant KVG's Motion to Amend its Counter-Complaint Against Plaintiff/Counter-Defendant Target Global Logistics Company to Include Fraud (Dkt. No. 174), which motion was filed April 11, 2018. Plaintiff's Opposition to Defendant KVG LLC's Motion to Amend its Counter-Complaint Against Plaintiff/Counter-Defendant Target Global Logistics Company to Include Fraud (Dkt. No. 188) was filed on April 25, 2018. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

## Background

Target Global Logistics Services, Co. ("Plaintiff"), a company located in Kabul, Afghanistan, entered into two "Prime-Subcontractor Purchase Agreements" with KVG, LLC ("Defendant"), a company located in Elizabethtown, Pennsylvania. Complaint ¶¶ 5-6, 8. The

Agreements required Plaintiff to act as a sub-contractor under an agreement that Defendant had entered into with the United States. Id. ¶¶ 1, 6. The Agreements called for Plaintiff to deliver certain medical equipment and supplies, for which Defendant was to pay Plaintiff $678,534.83 under the first Agreement and $179,136.48 under the second Agreement. Id. ¶¶ 8-11. Each Agreement required Defendant to pay Plaintiff for the goods within thirty days of delivery. See id. ¶ 12. Although Plaintiff requested payment from Defendant on October 15, 2014, Defendant failed to pay for the medical supplies and equipment that Plaintiff delivered. Id. ¶ 13.

On January 10, 2016, Defendant filed its Answer and Counterclaim against Plaintiff. In so doing, KVG alleged that Target Global "has also demonstrated repeated and continuing fraudulent intent over the course of its relationship with KVG." On June 10, 2016, in response to Target Global's motion to dismiss and motion to strike, this Court dismissed said Counterclaim without prejudice. In the June 10, 2016 Order, the Court noted that "[t]o the extent that KVG, LLC would plead allegations based on the tort based claim of fraud, it should be mindful that Federal Rule of Civil Procedure 9(b) requires that a party plead 'with particularity the circumstances constituting fraud.'" On June 22, 2016, Defendant filed its First Amended Counterclaim against Plaintiff with a Joinder of three additional nonresident, Afghani Defendants. The amended counterclaim against Plaintiff consists of nine different claims, but does not contain any allegations of fraud. Although Plaintiff filed a motion to dismiss Defendant's amended counterclaim, the motion was denied, and Plaintiff filed its Answer and Affirmative Defenses to the Amended Counterclaim on October 18, 2016. The Defendant later sought entry of default against the three additional Afghani defendants, which the Clerk of Court entered.

On January 13, 2017, Defendant filed a motion for partial dismissal of the claims brought by Plaintiff on the basis of *forum non conveniens*, which motion this Court denied on April 12, 2017.  On March 14, 2017, Defendant filed a Motion for Partial Summary Judgment.  On March 27, 2017, Plaintiff filed a Motion for Summary Judgment to Defendant's First Amended Counterclaim.  Subsequently, on June 22, 2017, this Court denied Plaintiff's Motion for Summary Judgment, and denied in part and granted in part Defendant's Motion for Partial Summary Judgment.  On October 5, 2017, Defendant filed a motion to amend its pleadings and join three additional defendants on the basis that information about these proposed parties was only revealed during the unsworn video-stream deposition of Mr. Yama Ahmadi, Managing Director of Plaintiff, on August 18, 2017.  By Memorandum and Order dated November 22, 2017, the Court denied Defendant's motion to amend, concluding that, *inter alia*, it would cause undue prejudice to Plaintiff.

**Legal Standard**

Rule 15(a)(2) provides that "[t]he court should freely give leave [for a party to amend its pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2).  The trial court has discretion to determine whether a request for leave to file an amended pleading should be granted or denied.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S. Ct. 795, 28 L. Ed. 2d 77 (1971); see also Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001).  As a general matter, the trial court should grant leave to amend "unless equitable considerations render it otherwise unjust." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).  Denial of a motion to amend must be grounded in substantial or undue prejudice, bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by

2

amendments previously allowed or futility of amendment.  Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of V.I., Inc., 663 F.2d 419, 425 (3d Cir. 1981) (citing Foman, 371 U.S. at 182).

Of the above-listed considerations, "prejudice to the non-moving party is the touchstone for denial of an amendment." Arthur, 434 F.3d at 204 (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)).  The prejudice inquiry "focus[es] on the hardship to the [non-moving party] if the amendment were permitted." Cureton, 252 F.3d at 273 (citing Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984).  In determining whether prejudice exists, a court can consider whether the proposed amendment "would result in additional discovery, cost, and preparation to defend against new facts or theories." Cureton, 252 F.3d at 273.  Additionally,

> [c]ourts have found undue prejudice to the non-moving party and denied leave to amend where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed.

Cumming v. City of Philadelphia, No. 03-0034, 2004 U.S. Dist. LEXIS 9030, *11 (E.D. Pa. April 26, 2004).

## **Discussion**

Defendant avers that it has shown good cause to amend its counterclaim because it became aware of "newly discovered facts" at the deposition of Yama Ahmadi, Target Global's representative, on March 4 and 5, 2018. Specifically, KVG contends that Mr. Ahmadi's testimony "revealed that Target knowingly and materially, misrepresented, indeed lied about, the material nature and bona fides of the goods … and that it knowingly provided goods that were used, counterfeit or stolen." See Defendant's Memorandum; Dkt. No. 174-1 at 8.  Plaintiff avers that Defendant's motion should be denied because it is prejudicial at this late stage, but also

3

futile given that the counterclaim fails to adequately state a claim for fraud, the statute of limitations has run, and the "gist of the action" doctrine bars such a fraud claim in its entirety. See Plaintiff's Opposition; Dkt. No. 188 at 1-2.

**Prejudice to Plaintiff**

In this case, we agree that Plaintiff would be unduly prejudiced if leave to amend is granted to Defendant. First, this motion was filed on April 11, 2018, nearly three years after litigation commenced. As Plaintiff properly points out, jury selection is scheduled to begin on May 21, 2018, twelve business days away. Defendant's motion also comes after the close of discovery,[1] after summary judgment motions have been filed and ruled on,[2] and after the parties have engaged in settlement conferences with the Court and a private mediation.[3]

Mere delay is an insufficient ground to deny a motion to amend. Cornell, 573 F.2d at 823. However, delay can become "undue" when an unwarranted or unfair burden is placed on the non-moving party. Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). In this case, an unfair burden would be placed on Plaintiff if Defendant's motion to amend were

---

[1] According to the Rule 16 Scheduling Order of this Court dated November 28, 2016, all discovery in this case was to be completed by February 1, 2017. Because Mr. Yama Ahmadi resides in Afghanistan, this Court extended the time period for the deposition of Mr. Ahmadi multiple times. The Court notes that this matter has been fraught with discovery issues, many of which concerned the location of the deposition of Mr. Ahmadi given his inability to obtain a visa for travel to the United States. Throughout the course of discovery, both parties suggested alternate locations for his deposition, and for the most part, each time a suggestion was made, opposing counsel disagreed. KVG insisted on an in person deposition, despite having the ability to depose Mr. Ahmadi through other electronic means. We note, however, that a deposition of Mr. Ahmadi was secured in August 2017 by electronic means. This Court continually tried to accommodate KVG's request for an in person deposition, offering suggestions as to locations several times during the course of discovery. Ultimately, the Court directed that India would be the location of the in-person trial deposition, a location which KVG initially opposed, but later acceded to, and the in person trial deposition of Mr. Ahmad was conducted on March 4 and 5, 2018.

[2] According to the Rule 16 Scheduling Order of this Court dated November 28, 2016, all dispositive motions were to be filed by May 1, 2017. On March 14, 2017, Defendant filed a Motion for Partial Summary Judgment. On March 27, 2017, Plaintiff filed a Motion for Summary Judgment to Defendant's First Amended Counterclaim. Subsequently, on June 22, 2017, this Court denied Plaintiff's Motion for Summary Judgment and denied in part and granted in part Defendant's Motion for Partial Summary Judgment.

[3] On September 7, 2017, this Court ordered that the parties proceed to private mediation, with a mediator of their choice, within sixty (60) days. The parties engaged in said mediation on October 24, 2017.

4

granted because additional discovery would have to be conducted and additional costs would be incurred to respond to the fraud claims that Defendant seeks to raise. As previously noted, with the exception of Mr. Yama Ahmadi's sworn deposition, all discovery was to be completed by February 1, 2017. At any time prior to the close of discovery nearly ten months ago, and as suggested by the Court on more than one occasion during its numerous telephone discovery conferences, Defendant could have sought to depose Mr. Yama Ahmadi by way of electronic means. In fact, Defendant ultimately did conduct a discovery deposition of Mr. Ahmadi through electronic means on August 18, 2017. This Court is not sure why Defendant was unable to gather what it now asserts as "newly discovered facts providing plausible support for a claim against Target" during the discovery deposition of Mr. Ahmadi. At this stage in the litigation, Plaintiff would incur significant additional costs and expenses if discovery were to be reopened on the basis of Defendant's proposed fraud allegations. See, e.g., Berger v. Edgewater Steel, 911 F.2d 911, 924 (3d Cir. 1990) (affirming denial of leave to amend when "allowing amendment would inject new issues into the case requiring extensive discovery" after discovery had closed).

**Futility of Amendment**

In addition to finding prejudice, and as correctly noted by Plaintiff, courts may deny leave to amend for futility when the proposed amendment would not survive a 12(b)(6) motion to dismiss for failure to state a claim. Synthes, Inc. v. Marotta, 281 F.R.D. 217, 229 (E.D. Pa. 2012) ("The futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion. . . . The trial court may thus deny leave to amend where the amendment would not withstand a motion to dismiss."); see Massarky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).

5

To state a claim for fraud in Pennsylvania, KVG must allege the following elements: (1) a misrepresentation; (2) material to the transaction; (3) made falsely; (4) with the intent of misleading another to rely on it; (5) justifiable reliance on the misrepresentation; and (6) resulting damage to the recipient. See Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994); see also Kontonotas v. Hygrosol Pharm. Corp., No. 07-4989, 2009 WL 1734223, at *2 (E.D. Pa. June 16, 2009). Federal Rule of Civil Procedure 9(b) requires that a party plead "with particularity the circumstances constituting fraud." Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009). To satisfy this heightened pleading standard, a party must plead or allege the date, time, and place of the alleged fraud, or otherwise "inject precision or some measure of substantiation" into his allegations. Frederico v. Home Depot, 507 F.3d 188, 200 (3d Cir. 2007).

Defendant's proposed amendments allege that Plaintiff "knowingly and materially, misrepresented, indeed lied about, the material nature and bona fides of the goods it provided to the USG pursuant to its contracts with KVG and that it knowingly provided goods that were used, counterfeit or stolen." KVG, however, does not aver precisely what "misrepresentations" Mr. Ahmadi allegedly testified about at his deposition, provide a citation to the deposition transcript, or specify on which date Mr. Ahmadi testified as to each of these "newly discovered facts." Instead, KVG only generally alleges that Plaintiff failed to keep records of the goods delivered, subcontracted out performance of the contracts, and did not inspect the goods its suppliers shipped. KVG alleges all of this "upon information and belief," neglecting to state with particularity any facts that would support a fraud claim.

As correctly noted by Plaintiff, conclusory allegations are speculative and insufficient to state a claim for fraud under Pennsylvania law. See Birchall v. Countrywide Home Loans, Inc., No. 08-2447, 2009 WL3822201, at *8 (E.D. Pa. Nov. 12, 2009) ("Nowhere in

6

the current pleading does [Plaintiff] identify a particular representation or set of representations and explain how it fits into a theory of fraud."); Goldfish Shipping, S.A. v. HSH Nordbank AG, 623 F. Supp. 2d 635, 639 (E.D. Pa. 2009) (proposed allegations for amendment must be sufficient to "raise a right to relief above the speculative level.").

**Gist of the Action**

This Court is also mindful of the "gist of the action" doctrine. Under Pennsylvania law, the gist of the action doctrine is designed to maintain the conceptual distinction between breach of contract claims and tort claims. It generally operates to "preclude a [party] from re-casting ordinary breach of contract claims into tort claims." Hart v. Arnold, 884 A.2d 316, 339 (Pa. Super. 2005). To proceed in tort, the wrong ascribed to the [allegedly offending party] must be the gist of the action, and the contract collateral. Haymond v. Lundy, 2000 WL 804432, at *8 (E.D. Pa. June 22, 2000). "[W]hile the existence of a contractual relationship between two parties does not prevent one party from bringing a tort claim against another, the gist of the action doctrine precludes [fraud] suits for the mere breach of contractual duties unless the party can point to separate or independent events giving rise to the tort." Addie v. Kjaer, 737 F.3d 854, 865-66 (3d Cir. 2013).

The gist of the action doctrine bars tort claims "(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from a contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." KBZ Commc'ns Inc. v. CBE Techs. LLC, 634 F. App'x 908, 911 (3d Cir. 2015) (citations omitted). Applying this test, the Pennsylvania Superior Court has stated that the gist of the action doctrine bars claims of "fraud in the performance of a contract."

7

Pollock v. National Football League, 171 A.3d 773, 777 n.2 (Pa. Super. 2017) (quoting Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc., 9 A.3d 1207, 1212 (Pa. Super. 2010)); see also eToll, Inc. v. Elias/Savion Adver., Inc., 811 A.2d 10, 14 (Pa.Super.Ct.2002).

We agree with Plaintiff in that KVG's claim that Plaintiff "knowingly and materially misrepresented" the goods is nothing more than fraud in the performance, as KVG alleges Plaintiff did not perform as promised by delivering nonconforming goods. See Agri-Marketing, Inc. v. Pro Terra Solutions, LLC, No. 5:17-cv-627, 2018 WL 1444167, at *7 (E.D. Pa. Mar. 22, 2018) (Leeson, J.) ("Agri-Marketing's tort damages are the same as its contract damages, which further supports the notion that the gist of Agri-Marketing's action is contractual. Accordingly, Agri-Marketing's fraud in the performance claim is barred by the gist of the action doctrine[.]").

Moreover, KVG does not allege the breach of a public duty arising under tort law. See Vantage Learning (USA), LLC v. Edgenuity, Inc., 246 F. Supp. 3d 1097, 1101 (E.D. Pa. 2017) ("Plaintiff cites no authority that supports the existence of a separate public duty not to interfere with its servers, meaning Defendant's duty here related solely to the performance of its contractual obligations."). KVG alleges no breach of any duty imposed as a matter of social policy which would authorize the concurrent filing of a tort claim for fraud. For a concurrent fraud claim to survive, the contract giving rise to Plaintiff's duty to KVG must be collateral. Because we find that the contracts here were not collateral, KVG's fraud claim is barred by the gist of the action doctrine.

In sum, the Court is persuaded that granting Defendant's motion to amend at this late stage is not in the interests of justice, and would cause undue prejudice to Plaintiff. Further, allowing Defendant to amend would be futile as Defendant has failed to plead with particularity

8

the circumstances constituting fraud, and the proposed amendments are barred by the gist of the action doctrine.

## **<u>Conclusion</u>**

For the foregoing reasons, Defendant KVG's Motion to Amend its Counter-Complaint Against Plaintiff/Counter-Defendant Target Global Logistics Company to Include Fraud is denied. An appropriate order follows.