IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TARGET GLOBAL LOGISTICS SERVICES, CO.<br><br>              Plaintiff/Counterclaim Defendant<br>    v.<br><br>KVG, LLC<br><br>              Defendant/Counterclaim Plaintiff<br>    v.<br><br>QAIS ANIL MEDICAL EQUIPMENT COMPANY LTD<br>MOHAMMAD SEDIQ and ASIA PHARMA LTD<br><br>              Counterclaim Defendants | CIVIL ACTION NO.<br>15-4960 |

**Henry S. Perkin, M.J.**                                                                                               May 15, 2018

## MEMORANDUM

This matter is before the Court on Defendant KVG's Motion to Amend its Counter-Complaint Against Plaintiff/Counter-Defendant Target Global Logistics Company to Include Fraud (Dkt. No. 174), which motion was filed April 11, 2018. Plaintiff's Opposition to Defendant KVG LLC's Motion to Amend its Counter-Complaint Against Plaintiff/Counter-Defendant Target Global Logistics Company to Include Fraud (Dkt. No. 188) was filed on April 25, 2018. Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

## Discussion

Defendant KVG has filed this motion seeking security for costs it has incurred in defending itself in this action. KVG avers that Plaintiff Target Global is not likely to prevail on

its claims because it is unable to prove that conforming goods were delivered per the contracts at issue. KVG further asserts that it is highly unlikely that it will be able to recover its costs from Target Global (assuming KVG is the prevailing party) because it is a non-operating Afghan company with no assets in the United States.

In response, Target Global asserts that KVG's current attempt at seeking security is untimely because the motion was filed with less than a month prior to trial, and after all pretrial filings have been submitted to this Court. Target Global submits that there has been no change in circumstances raised by KVG since this Court's August 16, 2016 Order denying security. Moreover, Target Global asserts that there is an extreme likelihood of its success on the merits of its contract claims.

Local Rule of Civil Procedure 54.1(a) provides:

> In every action in which the plaintiff was not a resident of the Eastern District of Pennsylvania at the time suit was brought, or, having been so afterwards removed from this District, an order for security for costs *may* be entered, upon application thereof within a reasonable time and upon notice. In default of the entry of such security at the time fixed by the court, judgment of dismissal shall be entered on motion. (Emphasis added)

It is within the sound discretion of the Court to issue an order for security costs. See Zeth v. Pennsylvania R. Co., 7 F.R.D. 612 (1947). "[Local Rule 54.1] does not list specific factors a district court should consider in requiring a plaintiff to post security. In previous cases where defendants have sought security for costs, this Court has evaluated the likelihood of a plaintiff's ultimate success and a plaintiff's ability to post security or pay costs in making its determination." Van Bui v. CHOP, 178 F.R.D. 54, 55 (E.D. Pa. 1998); Korat Gag v. Franklin Mint, No. 88-577 1988 WL 22074 (E.D. Pa Mar. 9, 1988); Internet Billions Domain v. Venetian

2

Casino Resort, LLC, 2002 WL 1610032, F. Supp. 2d (May 31, 2002).

The undersigned notes that the pleadings in this matter have been closed for some time, discovery is complete, all dispositive motions have been adjudicated, and the matter is now ripe for trial. The parties have already submitted numerous pretrial motions and pretrial documents, including a lengthy pretrial order. At the final pretrial conference held May 3, 2018, counsel for the parties waived their right to a jury trial and opted to proceed before me without a jury. A non-jury trial of this matter is scheduled to commence less than a week away, on May 21, 2018. As such, I am the trier of fact in this case.

This matter has been fraught with discovery issues, which has likely resulted in increased litigation costs to both parties. In particular, this Court notes that many of the discovery issues before the undersigned concerned the location of the deposition of Mr. Ahmadi given his inability to obtain a visa for travel to the United States. Throughout the course of discovery, both parties suggested alternate locations for his deposition, and for the most part, each time a suggestion was made, opposing counsel disagreed. KVG insisted on an in person deposition, despite having the ability to depose Mr. Ahmadi through other electronic means. I note, however, that a deposition of Mr. Ahmadi was secured in August 2017 by electronic means. This Court continually tried to accommodate KVG's insistence on an in person deposition, offering suggestions as to locations several times during the course of discovery. Ultimately, the Court directed that India would be the location of the in-person trial deposition, a location which KVG initially opposed, but later acceded to, and the in person trial deposition of Mr. Ahmad was conducted in the beginning of March 2018.

As evidenced by its brief in opposition, Target Global contends that KVG accepted goods, whether they were alleged to be conforming or not, within the meaning of 13 Pa. C.S.A. § 2-607. In addition, Target Global contends that because KVG accepted tender of the medical equipment and other supplies with full knowledge of alleged nonconformities and failed to provide timely notice of the alleged breach, KVG as a matter of law will be legally barred from any remedy. Although this matter is currently scheduled to be a bench trial, and the undersigned will ultimately be making the determinations of fact and law following receipt of all testimony and evidence, it does appear to this Court at this moment that there is a plausible controversy between Target Global and KVG. Target Global asserts that it has performed under the terms of its contracts with the KVG, and KVG in turn asserts that Target Global breached its contractual obligations by providing, among other assertions, nonconforming goods and materials. What does not appear to be in dispute that Target Global received no payments from KVG while KVG was paid in large part by the United States Government. It may be that the actions of KVG in not making payments are fully justified under the facts and the law and it may be that KVG is entitled to relief upon its counterclaims. The Court, however, now as the trier of fact, cannot and should not predetermine its findings before the case has been tried in an effort to determine each party's likelihood of success.

Further, in support of its motion for security, KVG questions Target Global's ability to pay costs should it succeed at trial. KVG submits an affidavit which indicates that its fees and legal costs to date are in excess of $300,000, and currently requests $30,000 in security for costs. Although KVG represents that approximately $25,000 has been incurred in costs, it does not specifically detail its alleged costs. This Court notes that only certain costs are

recoverable under Fed. R. Civ. P. 54. This Court cannot determine with any degree of accuracy the costs which are in issue at this point in time.

For all the foregoing reasons, this Court will not exercise its discretion to require security under Local Rule 54.1. KVG's motion for security is denied. An appropriate order follows.